**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------x
ALAN E. JONES, DAVID BIRCHENALL,
and DOUGLAS GORDON,

                   Plaintiffs,

   -against-                         C.A. NO. _____

DRIVESENTRY, INC.,

                                         **TRIAL BY JURY DEMANDED**

          Defendant.

--------------------------------------------------------x

## COMPLAINT

      Plaintiffs Alan E. Jones ("Jones"), David Birchenall ("Birchenall") and Douglas Gordon

(Gordon", and collectively with Jones and Birchenall, "Plaintiffs"), by and through their

undersigned attorneys, for their herein complaint ("Complaint") against Defendant DriveSentry,

Inc. ("DriveSentry" or "Defendant") hereby allege and aver as follows:

### NATURE OF THIS ACTION

      1.      This is an action for the recovery of amounts outstanding and due and payable to

Plaintiffs pursuant to loans made to Defendant in the amounts as set forth below in this

Complaint.  The loans were made pursuant to the terms of written loan and security agreements

and promissory notes duly executed and issued by Defendant.  The loans are secured by valid

and enforceable security interests in all of Defendant's assets.  Plaintiffs seek entry of judgment

in the amounts of the unpaid principal balance of the loans, and for interest thereon, the costs and

expenses of this action and for an order and declaratory judgment authorizing foreclosure as to

the assets securing the loans, and for such other and further relief as this Court deems just and proper.

## PARTIES

2.      Plaintiff Alan E. Jones is an individual and a foreign national and resident of the nation of the United Kingdom.

3.      Plaintiff  David Birchenall is an individual and a foreign national and resident of the nation of the United Kingdom.

4.      Plaintiff  Douglas Gordon is an individual and a foreign national and resident of the nation of the United Kingdom.

5.      Defendant DriveSentry, Inc. is a corporation duly organized and existing under the General Corporation Law of the State of Delaware.  DriveSentry was formed in or about March 21, 2006 by the filing of a certificate of incorporation with the Delaware Secretary of State. Defendant is not currently operating and does not have a principal place of business other than Delaware where it is incorporated.  During the period of time DriveSentry did have active operations it was engaged in the business of researching, designing, developing and marketing computer software.  DriveSentry may be served with process care of its registered agent, Registered Agents Legal Services, LLC, 1220 N. Market Street, Suite 806, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) in that (a) this is an action between a citizen of the State of Delaware and citizens and subjects of a foreign state who are not lawfully admitted for permanent residence in the United States and who are not domiciled in Delaware, and (b) the matter in controversy exceeds

2

the sum or value of $75,000.00 as to each Plaintiff's claim against Defendant, exclusive of interest and costs.

7.       Venue is proper in this district pursuant to 28 U.S.C. §1391(b) (1), (2) and (3) and 28 U.S.C. §1391(d) in that Defendant resides and is incorporated in this judicial district; a substantial part of the events and omissions giving rise to the claim occurred in this judicial district; a substantial part of the property that is the subject of this action is situated in this judicial district; and Defendant is subject to the Court's personal jurisdiction within this judicial district.

## FACTUAL BACKGROUND

8.       Plaintiffs are each secured lenders to Defendant.  In 2007 and 2008 Plaintiffs made loans to Defendant for the purpose of providing financing for DriveSentry's research, design, development and marketing activities relating to its operations and computer software development activities.  As consideration for the making of the loans, Defendant granted to Plaintiffs valid and perfected first and prior liens and security interests in all of DriveSentry's assets as collateral to secure Plaintiff's loans.

9.       Plaintiffs loans to Defendant are now due and payable.  Despite due demand DriveSentry has failed and refused to make payment to Plaintiffs of the amounts due and owing thereunder, including amounts of principal and interest.

### *The June 2007 DriveSentry Loan and Security Agreement with Plaintiffs*

10.       On or about June 25, 2007 Defendant entered into a Loan and Security Agreement with Plaintiffs and other lenders to borrow funds on a secured basis.  A true and accurate copy of the DriveSentry, Inc. Loan and Security Agreement dated June 25, 2007 with

Plaintiffs and others ("2007 Loan and Security Agreement") is attached hereto as Exhibit A and incorporated in this Complaint.

11.     Pursuant of the terms of the 2007 Loan and Security Agreement, in order to finance its operations, DriveSentry agreed to borrow and the lenders thereunder agreed to loan funds on a secured basis to Defendant.

12.     Under the grant of the security interest pursuant to the terms of the 2007 Loan and Security Agreement, at ¶3.1 thereof, DriveSentry granted a security interest in its accounts, chattel paper, deposit accounts, documents, equipment, and general intangibles, among other assets including, all of Defendant's intellectual property, including all patents and patent applications, trademarks and copyrights and other intellectual property owned by or in which DriveSentry had an interest.

13.     On or about June 25, 2007, pursuant to the terms and conditions of the 2007 Loan and Security Agreement, Plaintiffs made the following loans to Defendant in the following principal amounts:

        A)     Plaintiff Alan E. Jones:  $170,000.00

        B)     Plaintiff David Birchenall:  $100,000.00

        C)     Plaintiff Douglas Gordon:  $100,000.00;

for a total aggregate principal amount for all Plaintiffs in the of $370,000.00 (the "2007 Secured Loans").

14.     Pursuant to the terms of the 2007 Loan and Security Agreement, the 2007 Secured Loans bore interest payable on the outstanding amount thereof at the annual rate of 8% per annum.

15.     The 2007 Secured Loans are at present all due and payable.  No amounts of principal or interest have been paid by Defendant in connection with the 2007 Secured Loans as of the date of this Complaint.  Each of the Plaintiffs are therefore entitled to an award and entry of judgment against Defendant and in his favor in his respective principal amount of the 2007 Secured Loans as set forth in paragraph 13 of this Complaint, plus interest thereon at the rate of 8% per annum from June 25, 2007.

### *The July 2008 DriveSentry Secured Promissory Note Issued to Plaintiff Alan E. Jones*

16.     In or about July 2008 Defendant executed and issued its Secured Promissory Note to Plaintiff Alan E. Jones in principal amount of $734,210.00 (the "2008 Secured Promissory Note") in consideration of loans advanced by Plaintiff Alan E. Jones to DriveSentry (the "2008 Secured Loans").  A true and accurate copy of the 2008 Secured Promissory Note is attached hereto as Exhibit B and is incorporated into this Complaint.

17.     Pursuant to the terms of the 2008 Secured Promissory Note the loans thereunder advanced by Plaintiff Alan E. Jones are secured by a grant of a security interest in the assets and property of Defendant.

18.     Pursuant to the terms of the 2008 Secured Promissory Note, the 2008 Secured Loans bore interest payable on the outstanding amount thereof at the annual rate of 8% per annum.

19.     The 2008 Secured Loans have been and are at present due and payable.  No amounts of principal or interest have been paid by Defendant in connection with the 2008 Secured Promissory Note as of the date of this Complaint.  Plaintiff Alan E. Jones is therefore entitled to an award and entry of judgment against Defendant and in his favor in the outstanding principal amount of the 2008 Secured Loan as set forth in paragraph 16 of this Complaint, plus interest thereon at the rate of 8% per annum from July, 2008.

## FIRST CAUSE OF ACTION
(Breach of Contract on behalf of Plaintiff Alan E. Jones)

20.      Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 19 of this Complaint as though fully set forth in this paragraph 20.

21.      Plaintiff Alan E. Jones made a loan or loans and advanced funds to Defendant pursuant to the 2007 Loan and Security Agreement in the aggregate principal amount of $170,000.00 on or about June 25, 2007.

22.      As of the date of this Complaint the full principal amount and all interest thereon of the loan made by Plaintiff Alan E. Jones to Defendant under the 2007 Loan and Security Agreement is and has been due and payable by Defendant.

23.      Despite due demand for payment, Defendant has failed and refused without any lawful justification to make payment.

24.      Defendant is in breach of its obligation to Plaintiff Alan E. Jones under the 2007 Loan and Security Agreement.

25.      Plaintiff Alan E. Jones has been harmed and damaged by Defendant's breach and failure to make payment of outstanding principal and interest due to him under the 2007 Loan and Security Agreement.

26.      Plaintiff Alan E. Jones is entitled to an award and entry of judgment against Defendant in the amount of $170,000.00 principal amount plus interest thereon at the rate of 8% per annum from June 25, 2007.

## SECOND CAUSE OF ACTION
(Breach of Contract on behalf of Plaintiff David Birchenall)

27.      Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 26 of this Complaint as though fully set forth in this paragraph 27.

28.      Plaintiff David Birchenall made a loan or loans and advanced funds to Defendant pursuant to the 2007 Loan and Security Agreement in the aggregate principal amount of $100,000.00 on or about June 25, 2007.

29.      As of the date of this Complaint the full principal amount and all interest thereon of the loan made by Plaintiff David Birchenall to Defendant under the 2007 Loan and Security Agreement is and has been due and payable by Defendant.

30.      Despite due demand for payment, Defendant has failed and refused without any lawful justification to make payment.

31.      Defendant is in breach of its obligation to Plaintiff David Birchenall under the 2007 Loan and Security Agreement.

32.      Plaintiff David Birchenall has been harmed and damaged by Defendant's breach and failure to make payment of outstanding principal and interest due to him under the 2007 Loan and Security Agreement.

33.      Plaintiff David Birchenall is entitled to an award and entry of judgment against Defendant in the amount of $100,000.00 principal amount plus interest thereon at the rate of 8% per annum from June 25, 2007.

## THIRD CAUSE OF ACTION
(Breach of Contract on behalf of Plaintiff Douglas Gordon)

34.      Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 33 of this Complaint as though fully set forth in this paragraph 34.

35.      Plaintiff Douglas Gordon made a loan or loans and advanced funds to Defendant pursuant to the 2007 Loan and Security Agreement in the aggregate principal amount of $100,000.00 on or about June 25, 2007.

36.     As of the date of this Complaint the full principal amount and all interest thereon of the loan made by Plaintiff Douglas to Defendant under the 2007 Loan and Security Agreement is and has been due and payable by Defendant.

37.     Despite due demand for payment, Defendant has failed and refused without any lawful justification to make payment.

38.     Defendant is in breach of its obligation to Plaintiff Douglas Gordon under the 2007 Loan and Security Agreement.

39.     Plaintiff Douglas Gordon has been harmed and damaged by Defendant's breach and failure to make payment of outstanding principal and interest due to him under the 2007 Loan and Security Agreement.

40.     Plaintiff Douglas Gordon is entitled to an award and entry of judgment against Defendant in the amount of $100,000.00 principal amount plus interest thereon at the rate of 8% per annum from June 25, 2007.

## FOURTH CAUSE OF ACTION
(Breach of Contract on behalf of Plaintiff Alan E. Jones)

41.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 40 of this Complaint as though fully set forth in this paragraph 41.

42.     Plaintiff Alan E. Jones made a loan or loans and advanced funds to Defendant pursuant to the 2008 Secured Promissory Note in the aggregate principal amount of $734,210.00 in or about July, 2008.

43.     As of the date of this Complaint the full principal amount and all interest thereon of the loan made by Plaintiff Alan E. Jones to Defendant under the 2008 Secured Promissory Note is and has been due and payable by Defendant.

44.     Despite due demand for payment, Defendant has failed and refused without any lawful justification to make payment.

45.     Defendant is in breach of its obligation to Plaintiff Alan E. Jones under the 2008 Secured Promissory Note.

46.     Plaintiff Alan E. Jones has been harmed and damaged by Defendant's breach and failure to make payment of outstanding principal and interest due to him under the 2008 Secured Promissory Note.

47.     Plaintiff Alan E. Jones is entitled to an award and entry of judgment against Defendant in the amount of $734,210.00 principal amount plus interest thereon at the rate of 8% per annum from July 2008.

## FIFTH CAUSE OF ACTION
(Declaratory Judgment for All Plaintiffs as to Security Interests in Collateral)

48.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 47 of this Complaint as though fully set forth in this paragraph 48.

49.     Pursuant to the terms of the 2007 Loan and Security Agreement Defendant granted a lien and security interest to Plaintiffs in DriveSentry's accounts, chattel paper, deposit accounts, documents, equipment, and general intangibles, among other assets including, all of Defendant's intellectual property, including all patents and patent applications, trademarks and copyrights and other intellectual property owned by or in which DriveSentry had an interest (the "2007 Security Interest").

50.     The 2007 Security Interest created a perfected valid and enforceable first and prior lien and security interest in the collateral owned by or in which Defendant holds an interest according to its terms in favor of Plaintiffs.

51.     Plaintiffs are entitled to an order and declaratory judgment that the 2007 Security

Interest is enforceable and valid and entitles Plaintiffs to enforce their money judgments against

Defendant against said collateral and to take possession of and foreclose against and sell the

collateral and assets pledged thereunder in accordance with law and to apply the proceeds in

satisfaction of all amounts owed under the 2007 Loan and Security Agreement.

### SIXTH CAUSE OF ACTION
(Declaratory Judgment for Plaintiff Alan E. Jones as to Security Interests in Collateral)

52.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 51

of this Complaint as though fully set forth in this paragraph 52.

53.     Pursuant to the terms of the 2008 Secured Promissory Note Defendant granted a

lien and security interest to Plaintiff in DriveSentry's accounts, chattel paper, deposit accounts,

documents, equipment, and general intangibles, among other assets including, all of Defendant's

intellectual property, including all patents and patent applications, trademarks and copyrights and

other intellectual property owned by or in which DriveSentry had an interest (the "2008 Security

Interest").

54.     The 2008 Security Interest created a perfected valid and enforceable first and

prior lien and security interest in the collateral owned by or in which Defendant holds an interest

according to its terms in favor of Plaintiff Alan E. Jones.

55.     Plaintiff Alan E. Jones is entitled to an order and declaratory judgment that the

2008 Security Interest is enforceable and valid and entitles Plaintiff to enforce his money

judgment against Defendant against said collateral and to take possession of and foreclose

against and sell the collateral and assets pledged thereunder in accordance with law and to apply

the proceeds in satisfaction of all amounts owed under the 2008 Secured Promissory Note.

**WHEREFORE**, Plaintiffs pray for an award and entry of judgment in Plaintiffs' favor and against Defendant as follows:

A)      For the First Cause of Action an award of money damages in favor of Plaintiff Alan E. Jones in the principal amount of $170,000.00 plus interest thereon at the rate of 8% per annum from June 25, 2007 to the date of entry of judgment;

B)      For the Second Cause of Action an award of money damages in favor of Plaintiff David Birchenall in the principal amount of $100,000.00 plus interest thereon at the rate of 8% per annum from June 25, 2007 to the date of entry of judgment;

C)      For the Third Cause of Action an award of money damages in favor of Plaintiff Douglas Gordon in the principal amount of $100,000.00 plus interest thereon at the rate of 8% per annum from June 25, 2007 to the date of entry of judgment;

D)      For the Fourth Cause of Action an award of money damages in favor of Plaintiff Alan E. Jones in the principal amount of $734,210.00 plus interest thereon at the rate of 8% per annum from July, 2008 to the date of entry of judgment;

E)      For the Fifth Cause of Action entry of declaratory judgment in favor of all Plaintiffs that the 2007 Security Interests are valid and enforceable by Plaintiffs in accordance with its terms;

F)      For the Sixth Cause of Action entry of declaratory judgment in favor of Plaintiff Alan E. Jones that the 2008 Security Interests are valid and enforceable by Plaintiff in accordance with its terms;

G)      An award of the costs and expenses of this action, including an award of reasonable attorneys' fees;

H)      An award of post-judgment interest as permitted by law; and

I)	Such other and further relief as to this Court seems just and appropriate.


June 18, 2013	BAYARD, P.A.

OF COUNSEL:	 /s/ Stephen B. Brauerman
	Stephen B. Brauerman (sb4952)
Michael E. Norton	Vanessa R. Tiradentes (vt5398)
NORTON & ASSOCIATES, LLC	222 Delaware Avenue, Suite 900
8 West 40th Street, 12th Floor	Wilmington, DE 19801
New York, NY 10018	(302) 655-5000
(212) 297-0100	sbrauerman@bayardlaw.com
mn@nortonlawassociates.com	vtiradentes@bayardlaw.com

	*Attorneys for Plaintiffs Alan E. Jones,*
	*David Birchenall and Douglas Gordon*